IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROBERT WILLIAMS,

    Plaintiff,

v.

CASE NO. CV411-284

GEORGIA STEVEDORE
ASSOCIATION, INC. and
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION LOCAL NUMBER
1414, SAVANNAH, GEORGIA,

    Defendants.

## ORDER

Before the Court are Defendant Georgia Stevedore Association, Inc.'s ("GSA") (Doc. 67) and Defendant International Longshoremen's Association Local Number 1414, Savannah, Georgia's ("ILA") (Doc. 69) Motions for Summary Judgment. Plaintiff has filed responses in opposition to both motions.

Defendants' motions were filed in November 2012, before the Court's March 18, 2013 order denying Defendants' prior motions to dismiss. In the March 2013 order, this Court rejected Defendants' arguments that the complaint should be dismissed because Defendants did not employ the minimum number of employees to subject them to the requirements of Title VII. (See Doc. 108 at 12-14.) This

Court wrote that "the issue of whether two distinct, but related business entities—such as Defendant ILA and Defendant GSA" ought to be aggregated as a single employer under Eleventh Circuit precedent is a "fact-intensive inquiry, and one more suited for disposition by this Court on summary judgment than on the current motion to dismiss." (Id. at 14.)

Indeed, in the summary judgment filings, no party spent any significant time addressing the issue, which is both a factual inquiry and jurisdictional bar. Because the previous order could impact the bases upon which the current motions for summary judgment are supported or opposed, they are **DISMISSED**. Therefore, the Court will allow the Defendants thirty days from the date of this order to refile the motions and accompanying filings required by the local rules for summary judgment motions, containing any additional argument or citations to this point, should they deem it necessary.[1]

---

[1] The parties should also be aware that the Court will not accept any motion, response, or reply that incorporates by reference any factual allegation or argument contained in the original motions or any documents filed in response or reply to an original motion. Any further motions or responses should be stand-alone filings that independently contain all the factual allegations and arguments that the filing party wishes the Court to consider.

Additionally, because Defendant GSA's Motions to Strike (Docs. 97, 99) involve filings pertaining to the now-dismissed motions for summary judgment, they are **DISMISSED AS MOOT**. Should Defendant GSA wish to refile these motions it may do so within fourteen days of any such responsive filing by Plaintiff.

SO ORDERED this 12th day of June 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA